# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASHUNDA DAVIS-BURTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-cv-03164-JEC |
| v. ) | |
| ) | |
| CITIMORTGAGE INC; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, CMI and MERS are referred to as "Defendants"), hereby answer the allegations in the Second Amended Verified Complaint for Forged Deed, Wrongful Foreclosure, Fraudulent Assignment, and Breach of Duty ("Second Amended Complaint") filed by Plaintiff LaShunda Davis-Burton ("Plaintiff") on September 12, 2011 as follows.

## PARTIES TO THE ACTION

1.      Defendants lack information or knowledge sufficient to form a belief as the truth of Plaintiff's allegation that at all times, Plaintiff has resided at 1333 Laura Lane Austell, GA 30168 (the "Property"). Defendants admit that Plaintiff is indebted to CMI under a promissory note and security deed relating to the Property. Defendants deny that Plaintiff accurately described the Property in Paragraph 1 and further state that the Property is defined as set forth in the security deed executed by Plaintiff. Defendants deny any other allegations or inferences contained in Paragraph 1.

2.      Defendants admit that MERS assigned Plaintiff's security deed to CMI. The allegation that CMI is the "successor" to MERS is a legal conclusion to which no response is required, and accordingly, Defendants deny the same. Defendants further admit CMI is a New York corporation with its principal place of business in O'Fallon, Missouri and that CMI's registered agent for service of process is CT Corporation, located at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361. Defendants state that Exhibit A speaks for itself as to form and content. Defendants deny all remaining allegations in Paragraph 2.

3.      Defendants admit that MERS is a for profit corporation incorporated under Delaware law and which maintains its principal place of business at 1818

Library Street, Suite 300, Reston, Virginia 20190. Defendants further admit that Plaintiff has brought suit against MERS. Defendants deny that MERS's registered agent for service of process in Georgia is William K. Davidson, located at 1479 Timberland Road, Lawrenceville, Georgia 30045 and further deny that MERS can be properly served with process through that alleged agent. Allegations regarding jurisdiction and venue are legal conclusions as to which no response is required, and accordingly, Defendants deny the same.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 4.

## STATEMENT OF FACTS

5. With regard to Paragraph 5, Defendants hereby incorporate by reference their responses to Paragraphs 1 though 4 as if the same were fully stated herein.

6. Defendants admit that Plaintiff executed a promissory note in favor of Home Star Mortgage Services, LLC relating to the Property in April, 2004. Defendants further admit that Plaintiff executed a security deed to MERS, as nominee for Home Star Mortgage Services, LLC and Home Star Mortgage Services, LLC's successors and assigns, in order to secure Plaintiff's promissory

note relating to the Property in April, 2004.  Defendants state that Exhibits C and D speak for themselves as to form and content.  Defendants deny the remaining allegations of Paragraph 6.

7. Defendants state that Exhibit F speaks for itself as to form and content.

8. Defendants state that Exhibit G speaks for itself as to form and content.  Defendants admit that CMI received notice from Plaintiff that she has filed a Revocation of the Power of Attorney.  Defendants deny all other allegations of Paragraph 8 to the extent that they imply that CMI did anything other than notify Plaintiff that CMI had received Plaintiff's Revocation of the Power of Attorney and noted that on Plaintiff's account.

9. Defendants state that Exhibit H speaks for itself as to form and content.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 and therefore deny them.

10. Defendants admit that they completed a non-judicial foreclosure on the Property on March 2, 2010. Defendants further admit that the Assignment of Plaintiff's security deed from MERS to CMI  was dated February 23, 2010 and

was recorded on March 1, 2010.  Defendants also admit that they recorded the Foreclosure Deed on March 23, 2010.  Defendants deny any other allegations contained in Paragraph 10.  Finally, Defendants state that Exhibits I and J speak for themselves as to form and content.

11.   Defendants admit that Plaintiff accurately recites a statement found on MERS' website.  Defendants deny the remaining allegations of Paragraph 11 and further state that Exhibit K speaks for itself as to form and content.

12.   Defendants state that Exhibit L speaks for itself as to form and content.

13.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them. Defendants further state that Exhibit M speaks for itself as to form and content.

## FORGED DEED

14.   With regard to Paragraph 14, Defendants hereby incorporate by reference their responses to Paragraphs 1 though 13 as if the same were fully stated herein.

15.     Defendants admit that Plaintiff accurately quotes the text of O.C.G.A. § 44-2-23. Defendants further admit that Plaintiff filed an Affidavit of Forgery. Defendants deny the remaining allegations of Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 17.

## **WRONGFUL FORECLOSURE**

18.     Defendants admit that Plaintiff accurately quotes a portion of the text contained in O.C.G.A. § 44-14-162.2(a). The remaining allegations of Paragraph 18 set forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 set forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 20.

21. Paragraph 21 set forth legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 23.

**FRAUDULENT ASSIGNMENT**

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny any wrongdoing, as alleged in Paragraph 25. Further, Paragraph 25 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 25.

26. Defendants deny any wrongdoing, as alleged in Paragraph 26. Further, Paragraph 26 states legal conclusions to which no response is required.

To the extent any response is required, Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants state that the allegations of Paragraph 28 are unclear and therefore, Defendants deny them. To the extent that Plaintiff is referring to Exhibit K, Defendants respond that Exhibit K speaks for itself as to its form and content.

29. Defendants deny any allegation that MERS failed to properly assign the security deed to CMI and further state that to the extent Plaintiff's allegations in Paragraph 29 relate to Exhibit K to the Complaint, Defendants state that Exhibit K speaks for itself as to its form and content.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31 and further deny that Plaintiff's claims have any merit or that Plaintiff is entitled to any damages.

## **BREACH OF DUTY**

32. With regard to Paragraph 32, Defendants hereby incorporate by reference their responses to Paragraphs 1 though 31 as if the same were fully stated herein.

33. Defendants state that Paragraph 13 of the Security Deed speaks for itself as to form and content. Defendants further deny that they did not comply with any notice provisions set forth in the security deed.

34. Defendants admit that Paragraph 34 accurately recites a portion of the text of O.C.G.A. § 44-14-162.2(a).

35. Paragraph 35 states legal conclusions to which not response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 38 and further deny that Plaintiff is entitled to any relief or damages.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations

of Paragraph 39 and further deny that Plaintiff is entitled to any relief or damages.

40. Paragraph 40 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 41 and further deny that Plaintiff is entitled to any relief or damages.

### DEFENDANTS' ANSWER TO PLAINTIFF WHEREFORE CLAUSE AND PRAYER FOR RELIEF AND GENERAL DENIAL

Defendants deny that Plaintiff is entitled to any relief, including that asserted in the "WHEREFORE" clause of the Second Amended Complaint and the Prayer for Relief.  Further, each and every allegation in Plaintiff's Second Amended Complaint which is not specifically and unequivocally admitted is denied.  Defendants reserve the right to amend and/or supplement their Answer and to raise any additional defenses that Defendants may become aware of through discovery or otherwise.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a claim upon which relief can be granted as to Defendants and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief.

2. Plaintiff's alleged losses, if any, were proximately caused by her own decisions, conduct, and/or negligence, not by any action or inaction on the part of Defendants. Plaintiff therefore is barred from recovery based on her own negligence, contributory negligence, or comparative negligence.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff has brought suit in an improper venue.

5. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages, if any.

6. Plaintiff lack standings to assert some or all of the claims made in the Second Amended Complaint.

7. Plaintiff's claims are barred, in whole or in part, under the doctrine of res judicata.

8. Plaintiff's claims are barred, in whole or in part, by a failure of a condition precedent.

9. Plaintiff is barred and estopped from asserting her claims against Defendants, in whole or in part, because of Plaintiff's own actions and/or the actions of Plaintiff's agents.

10. Plaintiff's claims are barred, in whole or in part, because Defendants breached no duties owed to Plaintiff.

11. Plaintiff's claims are barred by waiver and/or estoppel.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

13. Plaintiff's claims are barred by the assumption of the risk doctrine because she voluntarily assumed the risks of the transaction at issue and the losses allegedly incurred.

14. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to tender the amounts owing under the promissory note and related security deed executed by Plaintiff.

15. Plaintiff's claims are barred by a failure of consideration.

16. Plaintiff has failed to properly serve MERS as required under the applicable rules of civil procedure.

17. Plaintiff has not served MERS as required under the applicable rules of civil procedure.

18. Defendants reserve the right to add additional affirmative defenses as they become known.

WHEREFORE, Defendants pray as follows:

(1) That Plaintiff's action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: September 29, 2011    */s/ Christopher J. Willis*
Christopher J. Willis, Ga. Bar No. 766297
Stefanie H. Jackman, Ga. Bar No. 335652
jackmans@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
Telephone: 678.420.9300
Facsimile: 678.420.9301

*Counsel for Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a copy of this ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system and served it by U.S. mail, postage prepaid, upon the following parties:

>LaShunda Davis-Burton, *pro se*
>1333 Laura Lane
>Austell, Georgia 30168

>LaShunda Davis-Burton, *pro se*
>P.O. Box 1281
>Austell, Georgia 30168

Date: September 29, 2011        */s/ Christopher J. Willis*
                                Christopher J. Willis
                                Georgia Bar No. 766297

                                *Counsel for Defendants CitiMortgage, Inc.*
                                *and Mortgage Electronic Registration*
                                *Systems, Inc.*